Page 1.

In The United States District Court For The Southern District of Indiana

A.   Craig Robert Hendry                    Demand for Jury trial yes☒ no☐
                                            2:25-cv-00150-MPB-MJD

         Vs

Christina Moran in her official and personal capacity
Thomas Keltz in his official and personal capacity
James (Jim) Miller in his official and personal capacity
Michael Holtkamp in his capacity as Sheriff of Vermillion County, IN

Parties

B.   Plaintiff Craig R. Hendry is a citizen of Indiana, residing currently as an Inmate at The Vermillion County Jail, Indiana

Defendant C. Moran is a citizen of Indiana, address unknown, and worked at The Vermillion County Sheriff's Office from Jan 18th - present.

Defendant T. Keltz is a citizen of Indiana, address unknown, and worked at The Vermillion County Sheriff's Office from Jan 18th 2025 to approximately Feb 10th 2025.

Defendant James Miller is a citizen of Indiana, address unknown, and worked as Jail Commander at The Vermillion County Jail from Jan 18th 2025 to present.

Defendant Michael Holtkamp is a citizen of Indiana, address unknown, and worked as Sheriff at The Vermillion County Sheriff's Office from Jan 18th - Present.

Statement of claim

C.   On Jan 19th Plaintiff was an Inmate at The Vermillion County Jail. On the above mentioned date Defendants Moran and Keltz accused The Plaintiff of violating multiple Jail rules, among them rule 214 intimidation, rule 360 unruley/rowdy conduct, 348 insolence, vulgarity towards staff. The Defendants wrote these allegations on a "informal write up" or "Informal Conduct Report" on the same day, and moved The Plaintiff to Isolation/Segregation and took his chirping device. On The "Informal Conduct report" The proposed sanctions were Isolation indefinetly (I.e. Segregation) and diciplinary chirp restriction for 30 days. The Jail Rules allow for 'informal conduct reports to be used only if the accused inmate agrees to the sanctions and

"Unconditionally waives my (his) right to a hearing, presentation of witnesses, and other evidence, assistance of a lay advocate, impartial decision maker, confrontation and cross examination, findings of fact and appeal" parenthesis added. On the 19th of January 2025 The Plaintiff refused to sign The "informal Conduct Report" and communicated my willingness to excersise my right to a hearing, etc. The Defendants Moran and Keltz said they would impose the suggested sanctions no matter what The Plaintiff did regarding The "Informal Conduct Report". Defendant Keltz documented my refusal to sign. Defendant Miller then signed The Report as well and instructed The rest of the jail staff to similarly enforce the diciplinary sanctions on The Plaintiff. These sanctions were imposed as follows - Plaintiff was in Isolation/Segregation from Jan 19th - Approx Feb 1st 2025, Chirp restriction for 30 days from Jan 19th - Feb 20th 2025: These events took place at The Vermillion County Jail in Indiana The Defendants took these actions with the intent to cause pain and suffering to The Plaintiff in order to chill his right to free speech under the First amendment and article 1 sec 9 of The Indiana constitution, and with the intent to retaliate for Plaintiff using protected speech in ways that upset The Defendants while they were moving The Plaintiff to Isolation/segregation. The Defendants knowingly and intentionally deprived the Plaintiff of his right to due process under The 14th amendment and I.C. 11-11-5-5. On Jan 22nd The Defendants C. Moran, T. Keltz, and J. Miller Conspired to violate The Plaintiff's rights, again, under the Color of law. When The Plaintiff was moved to diciplinary segregation/isolation Block-B, The Plaintiff used a cleaning rag to wipe a window in the day room. Upon wiping the window The Plaintiff resumed life noticing no unusual circumstances other than his segregation and chirp restriction. On Jan 22nd, 2025 Defendants C. Moran and T Keltz entered the block observed the block window and ordered that I lock down in my cell. I was told I was on lockdown for diciplinary reasons. Later I recieved another "informal conduct report" signed by C. Moran with information provided by T. Keltz. Keltz claimed falsely that he had previously instructed The Plaintiff "not to touch the window". The report accused The Plaintiff of "Destruction of County property" no Jail rule violation was cited, no hearing was held, no due process was given to the plaintiff at anytime whatever, yet The Plaintiff was held in Cell confinement/lockdown for 3 days as the "informal conduct report" said he would be.

When I asked other jail employees to stop imposing these sanctions on me without a finding of guilt, they informed me that "Jim" I.E. Defendant Miller gave orders to impose the sanctions without due process. The Plaintiff did not waive his rights as outlined in 11-11-5-5 and was thus deprived of his 14th amendment due process rights by way of The Defendants Miller, Moran, and Keltz conspiring to do so. The actions of The Defendants were performed with malicious intent, to deprive The Plaintiff of his 14th amendment rights to due process before the imposition of any punishment, a right created by I.C. 11-11-5-5. The aforementioned events took place at The Vermillion County Sheriffs department. The Sheriff M. Holtkamp is responsible for his employees actions and the Plaintiff's suffering of a deprivation of rights as he was at all times responsible for administering The Plaintiff's incarceration.

Jurisdiction

D. I am sueing for a violation of my civil rights under United States Codes 42. USC sec 1983 and 18 USC. Sec 241, along with 18. USC Sec 242. I would also request relief under 28 U.S.C. sec 1331.

Relief wanted

E. Plaintiff requests the following relief: Punitive damages, injuctive and declaratory relief, Nominal relief for filing fees and any attorneys fees that may be incurred by The Plaintiff, Nominal damages for deprivation of rights, and all such other relief to which The Plaintiff may rightfully be entitled.

Dated this __3rd__ day of __March__ 20__25__.

Respectfully Submitted,

__Craig Hendry__
Signature of Plaintiff

__1687584__
Plaintiff's Prisoner ID Number

__1888 S, State Road 63   Hillsdale, IN__
__47854__
(Mailing Address of Plaintiff)

(If more than one plaintiff, use another piece of paper).

F.   **OPTIONAL CERTIFICATION**

Under penalty of perjury, I declare that the facts alleged in this complaint are true and correct to the best of my knowledge and belief.

__Craig Hendry__
Signature of Plaintiff

**REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE**

- [x] I **DO** request that I be allowed to file this complaint without paying the filing fee. I have completed a request to proceed in the district court without prepaying the fee and attached it to the complaint.

- [✓] I **DO NOT** request that I be allowed to file this complaint without prepaying the filing fee under 28 U.S.C. § 1915, and I have included the full filing fee with this complaint.

Craig Hendry
1808 S 34 Rd 63
Hillsdale, IN
47854

MAIL FROM AN INMATE
AT THE
VERMILLION COUNTY JAIL

BC
3/22

7012 1640 0000 7381 7117

The Office of the
Clerk of The U.S. District Court
921 Ohio Street
Room 104
Terre Haute, IN 47807

INDIANAPOLIS IN 460
20 MAR 2025 PM 6 L

FILED
MAR 24 2025
U.S. CLERK'S OFFICE