Case 2:25-cv-00150-MPB-MJD    Document 22    Filed 02/02/26    Page 1 of 7 PageID #: 44

PG 1.

Craig R. Hendry          )
                         )
        V                ) No. 2:25-cv-00150-MPB-MJD
                         )
Christina Moran, et al   )

## Motion To Contest Dismissal And Show Cause

Comes now The Plaintiff in The above mentioned cause and respectfully moves This Court to retract it's Order Dismissing Complaint, and in support thereof states the following;

1. The Plaintiff has a liberty in being free from any disciplinary action as an inmate of an Indiana County Jail, absent a hearing conducted by Jail Officials.

2. The State of Indiana explicitly created this liberty interest in The Indiana Administrative Code 210 IAC 3-1-17 which states in part "Before imposing any disciplinary action, jail officials shall afford the inmate charged with misconduct a hearing." The same code goes on to clarify that the hearing is a requirement saying in part "In connection with the required hearing, The inmate is entitled to the following," and the code goes on to list mandatory entitlements that inmates must recieve with regards to due process. In the instant case The Plaintiff was denied any hearing and punished anyways, depriving him of this State Created liberty interest.

## Motion To Contest Dismissal and Show Cause

3. A State regulation Creates a liberty interest when the regulation in question contains "specific directives to the decisionmaker that if the regulations' substantive predicates are present a particular outcome must follow." (Smith v Shettle, 946 F.2d 1250 (7th Cir. 1991) In regulation 210 IAC 3-1-17 can be found a predicate that, if no diciplinary ~~actions~~ hearing is held, than no diciplinary action may be imposed on the accused inmate, in this case The Plaintiff.

4. The State of Indiana created a unique liberty interest via 210 Indiana Administrative Code Article 3-1-17. This liberty interest was recognized by The 7th Circuit Court of Appeals in Gilbert v Frazier 932, F2d 971 (7 Cir 1991)

5. The Plaintiff has attached a brief with this motion for The Courts consideration.

Wherefore The Plaintiff moves this Court to grant the requested relief and allow this cause to move forward.

Respectfully Submitted

01-28-2026

Craig Hendrys

PG1.

## Motion To Contest Dismissal and Show Cause Brief

At issue in this case is not what liberties are insured by The Due Process Clause by itself, but what liberty interests The State of Indiana has afforded its prisoners in county jails via its Administrative Code. The Plaintiff posits that 210 IAC 3-1-17 (Indiana Administrative Code) creates a liberty interest, for prisoners in county jails, to be free from any disciplinary action, absent a hearing with specified standards, and a finding of guilt after the hearing. This much is made clear by the language used in the aforemention code.

This Court, in its order dismissing complaint cites cases from The 7th Circuit regarding the due process of prisoners at large within The 7th Circuit, but not specifically within Indiana. The premise of The Dismissal is the assertion that prisoners have no due process rights, unless The Government, through their courts, recognizes that they have imposed "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life". The Plaintiff can not concieve of a more subjective or ambiguos standard, however, thankfully, The Plaintiff's claim rests on the clear objective and mandatory language found in Indiana's Administrative code creating a liberty interest, of which he was deprived. The Plaintiff posits that The Court is required to take notice of liberty interests created by State laws and regulations as opposed to The Due Process Clause

Motion To Contest Dismissal and Show Cause Brief alone, as to not do so would injure The State's Rights Principal on which This Republic is founded and would all but abolish the power of The State to create rules, regulations, and laws governing the actions of their subjects and employees.

To address The issues stated in The Dismissal clearly, The Plaintiff will now address them in order. In Section "III. Dismissal of Complaint" The "First" paragraph states in part "Mr Hendry does not have a constitutional right to avoid false disciplinary charges.". The Plaintiff did not intend to give the impression that his due process claim rested on the premise a false Charge, but merely provided this information to demonstrate retaliation against The Plaintiff, by The Defendants for protected speech. To clarify, The Plaintiff's due process claim is based not on the legitimacy of the accusations, but the fact that no due process was afforded him prior to the imposition of disciplinary action for the alledged rule violation which deprived The Plaintiff of a State Created liberty interest. As far as the 1st Amendment Claim is concerned, The Plaintiff has no way of recalling verbatim what he said, without gaining access to Body Camera recordings possessed by The Defendants and without these The Plaintiff runs a risk of misinforming The Court with regards to said speech, a risk The Plaintiff is not willing to take. Next in The "First" paragraph of the "III Dismissal of Complaint" paragraph The Court States "Even assuming fraudulent conduct on the part of prison officials, the protection from such action is found in the procedures mandated by due process."

## Motion To Contest Dismissal and Show Cause Brief

This reasoning, as applied to The instant case, is redundant. The Plaintiff is alleging that he was given no due process at all, which raises the question, how can one find protection from such arbitrary action in due process if one is entitled to no due process at all? A question that very well may be answered should this case move forward, and also The Court should consider The Unique State Created liberty interest possessed by Indiana's prisoners.

To address the paragraph that begins "Second", The Court states that "The due process clause is only triggered when the government deprives an individual of life, property, or liberty." The Court goes on to state "When no recognized liberty or property interest has been taken, the confining authority is free to use any procedures it chooses, or no procedures at all." The Plaintiff's liberty interest is State Created and has been recognized by The 7th Circuit Court of Appeals in Gilbert v Frazier, 932 F.2d 971 (7th Cir. 1991) when "The Court noted that the provision of The Indiana Code concerning the imposition of dicipline in prison arguably created a liberty interest, which triggered the protection of the due process clause and established the compliance with the procedural requirements of Wolff as prerequisites to diciplinary action." This same liberty interest applies to prisoners in county jails in Indiana. It should be noted that in Gilbert v Frazier The inmate was segregated for 4 days prehearing. In The Instant Case The Plaintiff was segregated for 12 days, as well as

PG4

Motion To Contest Dismissal and Show Cause Brief having his chirp taken with no hearing at all. To conclude The Plaintiff had a liberty interest in recieving a hearing prior to being subjected to diciplinary sanctions. This liberty interest is created by 210 IAC 3-1-17. This liberty interest is recognized in Gilbert v Frazier. This liberty interest was taken by The Defendants, from The Plaintiff, when The Defendants imposed diciplinary action on The Plaintiff with no due process. The Plaintiff will need to see Evidence from The Defendants to establish what exactly was said in order to inform The Court of the exact speech the Plaintiff was retaliated against for. for these reasons The Plaintiff believes this case should procede,

Respectfully

-Craig Hendry-

Craig Hendry
PO box 267
Bloomfield, IN
47424

INDIANAPOLIS
30 JAN 2026

US District Court Clerks Office
Room 104 921 Ohio Street
Terre Haute, IN
47807

UNITED STATES MARSHAL
PACKAGE SCREENED BY
X-RAY/MAGNETOMETER

FILED
FEB 02 2026
U.S. CLERK'S OFFICE

47807-342404

NOT RESPONSIBLE FOR CONTENTS. THIS STAMP IDENTIFIES THIS CORRESPONDENCE AS HAVING BEEN MAILED BY A RESIDENT AT THE GREENE COUNTY JAIL, P.O. BOX 267 BLOOMFIELD, INDIANA 47424