UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CRAIG ROBERT HENDRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-00150-MPB-MJD |
| | ) | |
| CHRISTINA MORAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Dismissing Complaint, Denying Motion for Preliminary Injunction, and Directing Entry of Final Judgment**

Plaintiff Craig Robert Hendry alleges violation of his Fourteenth Amendment rights when he was placed in disciplinary segregation for twelve days and lost other prison privileges without a disciplinary hearing. *See* dkt. 1. The Court dismissed his complaint at screening, dkt. 18, and allowed Mr. Hendry to show cause why final judgment should not issue. Mr. Hendry filed his response to the order to show cause on February 2, 2026. Dkt. 22.

**I. Mr. Hendry's Response to the Order to Show Cause**

The complaint alleges that defendants filed an "Informal Conduct report" against Mr. Hendry and placed him into disciplinary segregation for approximately 12 days without the hearing required by 210 IAC 3-1-17(e):

> Before imposing any disciplinary action, jail officials shall afford the inmate charged with misconduct a hearing to determine his or her guilt or innocence and the disposition of the charge.

Mr. Hendry's response to the order to show cause argues that he does not allege that the time in segregation and loss of chirp privileges themselves amount to a protected liberty interest under the Fourteenth Amendment. Rather, the lack of a disciplinary hearing, under the reasoning set forth in *Gilbert v. Frazier*, 932 F.2d 971, *3 (7th Cir. 1991) (Table Opinion), violated his Fourteenth

Amendment rights because Indiana law has created a protected liberty interest by mandating a hearing before county jail officials may take disciplinary action. *See* dkt. 22.

The Seventh Circuit Court of Appeals issued a similar opinion in *Abdul-Wadood v. Duckworth*, 860 F.2d 280, 283-287 (7th Cir. 1988), overruled by *Wallace v. Robinson*, 940 F.2d 243 (7th Cir. 1991), finding that Indiana prison officials may have violated plaintiff's Fourteenth Amendment rights when they held him in administrative segregation without process when he was actually being segregated for disciplinary reasons. The Seventh Circuit subsequently overruled *Abdul-Wadood*, however, concluding:

> [A] rule giving prison officials discretion to act for any reason, but placing restraints on their options if their motive is disciplinary, creates neither a liberty nor a property interest. Liberty and property interests depend on substantive rules governing entitlements; rules addressed to motive that do not require particular action to follow particular facts lack the sort of substantive constraints necessary to create liberty or property interests.

*Wallace*, 940 F.2d at 244. The Indiana administrative regulations at issue here are exactly the kind that allow discretion for administrative segregation but place restrains on disciplinary segregation. As a result, failure by jail officials to provide the administratively mandated disciplinary hearing prior to his short time in segregation does not create a protected liberty interest under the Fourteenth Amendment. For that reason, Mr. Hendry's claims may not proceed and must be **dismissed**.

## II. Motion for Preliminary Injunction

One month after he filed his complaint, Mr. Hendry filed a motion for preliminary injunction. Dkt. 8. "A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). To obtain a preliminary injunction a plaintiff first must show that: "(1) without this relief, [he] will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) [he]

has some likelihood of prevailing on the merits of [his] claims." *Speech First, Inc. v. Killen*, 968 F.3d 628, 637 (7th Cir. 2020).

The motion for temporary restraining order, dkt. [8] is **denied**. Mr. Hendry has not stated a viable claim in his complaint. A request for injunctive relief must necessarily be tied to the specific claims on which the plaintiff is proceeding. *See Benisek v. Lamone*, 138 S. Ct. 1942, 1945 (2018) ("[T]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." (cleaned up)); *see also DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) ("A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally."); *Maddox v. Wexford Health Sources, Inc.*, 528 F. App'x 669, 672 (7th Cir. 2013) ("observing that [a]n injunction, like any 'enforcement action,' may be entered only against a litigant, that is, a party that has been served and is under the jurisdiction of the district court") (quoting *Lake Shore Asset Mgmt., Ltd. v. Commodity Futures Trading Comm'n*, 511 F.3d 762, 767 (7th Cir. 2007)). Without a viable claim or a viable defendant, the Court lacks the authority to order injunctive relief.

### III. Conclusion

Mr. Hendry's claims are **dismissed for failure to state a claim upon which relief can be granted**. His motion for a preliminary injunction, dkt. [8], is **denied**.

Final judgment shall now issue by separate entry.

**IT IS SO ORDERED.**

Dated: February 4, 2026

_____
Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distribution:

CRAIG ROBERT HENDRY
PO Box 267
Farmersburg, IN 47424